JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
Irenia Machin

**DEFENDANTS**
Children's Surgery Center, LLC; Children's Dental Health Associates, LLC; Michael O'Donnell; Robyn Ivker

**(b)** County of Residence of First Listed Plaintiff: Lancaster
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: 
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Mansour Law, LLC
1101 W. Hamilton St. Ste. 205, Allentown, PA 18101
Tel: (610) 321-3538

Attorneys *(If Known)*
Dilworth Paxson LLP
1500 Market St. Ste. 3500E, Philadelphia, PA 19102
Tel: (215) 575-7077

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*

*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☒ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

**Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

**Other:**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark
- ☐ 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit (15 USC 1681 or 1692)
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
42 U.S.C. Sec. 1981; 42 U.S.C. Sec. 2000e

Brief description of cause:
race & national origin discrimination; retaliation

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ______ DOCKET NUMBER ______

DATE: 09/01/2022

SIGNATURE OF ATTORNEY OF RECORD: William P. Mansour

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __109 Noble Street, Lititz, PA 17543__

Address of Defendant: __2160 Noll Drive, Lancaster, PA 17603__

Place of Accident, Incident or Transaction: __Lancaster, Lancaster County, PA__

---

**RELATED CASE, IF ANY:**

Case Number: _____    Judge: _____    Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? — Yes [ ]  No [✓]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? — Yes [ ]  No [✓]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? — Yes [ ]  No [✓]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? — Yes [ ]  No [✓]

I certify that, to my knowledge, the within case [ ] is / [●] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __10/04/2022__    /s/ William P. Mansour    __318833__
                        Attorney-at-Law / Pro Se Plaintiff    Attorney I.D. # (if applicable)

---

**CIVIL:** (Place a √ in one category only)

**A.  Federal Question Cases:**
1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [✓] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [ ] All other Federal Question Cases
    *(Please specify):* _____

**B.  Diversity Jurisdiction Cases:**
1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify):* _____
7. [ ] Products Liability
8. [ ] Products Liability – Asbestos
9. [ ] All other Diversity Cases
    *(Please specify):* _____

---

### ARBITRATION CERTIFICATION
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __William P. Mansour__, counsel of record *or* pro se plaintiff, do hereby certify:

[ ] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[✓] Relief other than monetary damages is sought.

DATE: __10/04/2022__    /s/ William P. Mansour    __318833__
                        Attorney-at-Law / Pro Se Plaintiff    Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Irenia Machin | : | CIVIL ACTION |
| v. | : | |
| Children's Dental Health Associates, LLC | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.      ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.      ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.      ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.      ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)      ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.      (x)

| 10/04/2022 | William P. Mansour | Irenia Machin |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (610) 321-3538 | (610) 798-1345 | wpm@themansourfirm.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IRENIA MACHIN, </br></br> Plaintiff, </br></br> v. </br></br> CHILDREN'S SURGERY CENTER, LLC d/b/a CHILDREN'S DENTAL SURGERY; CHILDREN'S DENTAL HEALTH ASSOCIATES, LLC d/b/a CHILDREN'S DENTAL HEALTH; MICHAEL O'DONNELL; and ROBYN IVKER, </br></br> Defendants. | No. _____ </br></br> CIVIL ACTION – LAW |

## COMPLAINT

NOW COMES, Plaintiff IRENIA MACHIN ("Plaintiff"), by and through her undersigned counsel, who hereby complains against CHILDREN'S SURGERY CENTER, LLC d/b/a CHILDREN'S DENTAL SURGERY ("CSC"), CHILDREN'S DENTAL HEALTH ASSOCIATES, LLC d/b/a CHILDREN'S DENTAL HEALTH ("CDHA"), MICHAEL O'DONNELL ("O'Donnell"), and ROBYN IVKER ("Ivker") (collectively, "Defendants") as follows:

## INTRODUCTION

1. This action arises under the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("§ 1981"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), and the Pennsylvania Human Relations Act, 42 P.S. § 951, *et seq.* ("PHRA"). Specifically, as set forth in more detail herein, Defendants discharged Plaintiff from her employment based on her Hispanic race and Cuban national origin and in retaliation for her complaints about such discrimination.

**PARTIES**

2. Plaintiff is an adult individual currently residing in Lititz, Lancaster County, Pennsylvania. Plaintiff is a non-white member of the Hispanic race and is of Cuban national origin.

3. Defendant CSC is a Pennsylvania limited liability company that operates a children's dental surgery facility in Lancaster, Pennsylvania. Its principal place of business is located at 2160 Noll Drive, Lancaster, PA 17603. Defendant CSC is a subsidiary or affiliate company of Defendant CDHA and, upon information and belief, Defendant CDHA controls the operations and business activities of Defendant CSC.

4. Defendant CDHA is a Pennsylvania limited liability company that owns and operates various dental health and surgery facilities throughout southeastern Pennsylvania. Its principal place of business is located at 200 Willowbrook Lane, Suite 220, West Chester, PA 19382.

5. Defendant O'Donnell is an adult individual whose current address is unknown to Plaintiff. At all times relevant and material hereto, Defendant O'Donnell was Defendant CDHA's Chief Executive Officer (CEO) and had the authority to discharge employees.

6. Defendant Ivker is an adult individual currently residing at 821 S. Penn Oak Road, Ambler, PA 19002. At all times relevant and material hereto, Defendant Ivker was employed by Defendant CDHA as a dentist.

7. Upon information and belief, Defendant Ivker is a white member of the Jewish race and is of American national origin.

8. At all times relevant and material hereto, Defendant CSC employed at least 15 employees for each working day during each of 20 or more working weeks in 2020 and 2021.

9. At all times relevant and material hereto, Defendant CDHA employed at least 15 employees for each working day during each of 20 or more working weeks in 2020 and 2021.

**JURISDICTION AND VENUE**

10. This Court has jurisdiction over Plaintiff's federal law claims under 28 U.S.C. § 1331 because such claims arise under the laws of the United States.

11. This Court has jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a) because such claims form part of the same case or controversy as Plaintiff's federal law claims.

12. This Court has personal jurisdiction over all Defendants because Plaintiff's claims arise out of Defendants' purposeful contacts with Pennsylvania.

13. Venue in this district is proper under 28 U.S.C. § 1391(b)(1)-(2) because Defendants CSC and CDHA regularly conduct business within this district and because the events giving rise to Plaintiff's causes of action arose in this district.

14. On November 16, 2020, Plaintiff filed a Complaint against Defendant with the Pennsylvania Human Relations Commission (PHRC), alleging retaliation and discrimination based on her race and national origin. Plaintiff's Complaint was simultaneously dual-filed with the U.S. Equal Employment Opportunity Commission (EEOC).

15. At least one (1) year has passed since Plaintiff filed her Complaint with the PHRC. To date, the PHRC has taken no action with respect to Plaintiff's Complaint.

16. On September 15, 2022, the EEOC issued Plaintiff a Notice of Right to Sue relative to her Charge of Discrimination, a true and correct copy of which is attached hereto as **EXHIBIT A.** This action is being commenced within ninety (90) days of Plaintiff's receipt of that Notice.

17. Plaintiff has satisfied all other conditions precedent to the filing of this action.

**FACTUAL ALLEGATIONS**

18. On or about April 22, 2019, Defendant CDHA hired Plaintiff to work as a Surgical Dental Assistant for Defendant CSC at the latter's Lancaster facility.

19. Plaintiff's job duties included mainly assisting dentists and other professionals perform dental surgeries.

20. Because Plaintiff was born and raised in Cuba, she learned English as a second language. Although highly proficient in English, Plaintiff speaks the language with a thick Cuban accent.

21. When Defendant CDHA hired her, Plaintiff was informed by one of its Human Resources representatives, Alyssa Glackin, that she would be in "orientation" (*i.e.* a probationary period) for approximately 2-3 weeks—or until mid-May 2019—until Defendant Ivker "signed-off" on Plaintiff. During this time, Plaintiff would not be allowed to work by herself without supervision.

22. At one point during Plaintiff's first day of work, she was in the break room with Defendant Ivker and some other colleagues. Defendant Ivker overheard Plaintiff talking with her colleagues and asked, "Are you from Cuba?" Plaintiff responded in the affirmative.

23. From that point forward, Defendant Ivker changed her attitude towards Plaintiff and began ignoring her pleasantries and other efforts to interact. In addition, on numerous occasions between April 2019 and September 2019, Defendant Ivker mocked and criticized Plaintiff's Cuban accent, stating numerous times in front of Plaintiff's colleagues and patients that she can't understand a word Plaintiff says. This caused Plaintiff great embarrassment and humiliation. To top it all off, despite Plaintiff's satisfactory job performance, Defendant Ivker did not release Plaintiff from her "orientation" until August 2019.

24. Since the start of her employment, Plaintiff was working full-time Monday through Friday (plus every other Saturday) at Defendant CSC's Lancaster facility. During that same time period, Defendant Ivker worked at the Lancaster facility on Mondays and Tuesdays.

25. On one specific occasion on or about July 24, 2019, one of Plaintiff's colleagues, Megan Carter, had carelessly ripped a tooth out of the mouth of a 20-month-old Arab patient causing an incision that started to bleed heavily. Defendant Ivker responded to Ms. Carter's calls for help, and when Ms. Carter explained what had happened, Defendant Ivker started laughing. When Ms. Carter pleaded with Defendant Ivker to stitch the incision, Defendant Ivker stated she

would not. Ms. Carter then asked Defendant Ivker what she should tell the patient's parents, to which Defendant Ivker responded with laughter, stating: "Say nothing. They don't even speak English."

26. Immediately following this incident (which Plaintiff personally witnessed), Plaintiff went outside and began crying due to Defendant Ivker's callous disregard for the patient and her parents based on their Arab ethnicity. Mr. Price saw Plaintiff crying and went outside to speak with her. Plaintiff explained to Mr. Price what had just happened and how Defendant Ivker refused to stitch the patient because she was Arab and her parents didn't speak English. Mr. Price told Plaintiff that was just the way Defendant Ivker "has always been."

27. As a result of Defendant Ivker's continuous criticism of Plaintiff's Cuban accent and the incident with the young Arab patient, Plaintiff spoke with Ms. Glackin in early August 2019 and requested that she be changed to a part-time schedule of Wednesday through Friday to avoid working with Defendant Ivker on Mondays and Tuesdays. Defendant CDHA and/or Defendant CSC approved this request, and Plaintiff began working Wednesday through Friday and every other Saturday shortly thereafter.

28. Plaintiff continued working successfully and without issue until about July 2020 when she was scheduled to work on a Saturday with Dr. Anthony Monteiro, a close friend of Defendant Ivker. Like Defendant Ivker, Dr. Monteiro began openly criticizing Plaintiff's Cuban accent by laughing at her pronunciation of words and repeatedly stating in front of colleagues that he could not understand her, which caused Plaintiff great embarrassment and humiliation.

29. Soon thereafter, Plaintiff complained to Mr. Price and Ms. Glackin about Dr. Monteiro's conduct. They responded that they "can't do much about it," but provided her with the phone number for Defendant CDHA's Compliance Hotline and suggested she call.

30. On July 31, 2020, Plaintiff called the Compliance Hotline. However, she was unable to speak to someone and left a voice message instead, wherein she specifically complained about mistreatment by Dr. Monteiro and expressly suggested her Cuban accent may be the reason.

5

31. On August 14, 2020, Plaintiff spoke on the telephone with Ms. Jackson for over twenty (20) minutes. During this call, Plaintiff complained about Dr. Monteiro and Defendant Ivker criticizing and mocking her accent, especially in front of her colleagues. Plaintiff emphasized that she liked her job and wanted to resolve any issues the doctors might have with her. But she also expressed fear of retaliation. Ms. Jackson assured Plaintiff there would be no retaliation and that she would "look into" the matter and contact Plaintiff in two (2) weeks with a resolution.

32. However, neither Ms. Jackson nor any other employee or agent of Defendants CDHA or CSC ever contacted Plaintiff with a "resolution" to her complaint.

33. About three (3) weeks after she complained to Ms. Jackson, Plaintiff saw that she was scheduled to work with Defendant Ivker *and* Dr. Monteiro on Saturday, October 3, 2020 and Saturday, October 17, 2020.

34. When she saw this schedule, Plaintiff approached Ms. Glackin and asked if her complaint to Ms. Jackson three (3) weeks earlier was the reason she was scheduled to work with Defendant Ivker and Dr. Monteiro on October 3rd and 17th. Ms. Glackin was visibly annoyed by this question and curtly responded "I don't know."

35. On October 17, 2020, Plaintiff reported for work with the expectation that she was going to be working alone with Defendant Ivker. However, when Plaintiff arrived at work, she learned that another female Surgical Dental Assistant who had just started her employment a few weeks earlier was also scheduled to work.

36. Plaintiff assisted Defendant Ivker with the first surgery of the day, which proceeded without issue. However, as soon as Defendant Ivker learned that there was another Surgical Dental Assistant available, she went directly to Nathan Shumaker (Defendant CDHA's Director of Nursing) and told him that she did not want Plaintiff in the room assisting her and that she, instead, wanted the other Surgical Dental Assistant.

37. Mr. Shumaker then directed Plaintiff to leave the surgery room and replaced her with the other Surgical Dental Assistant.

38. The other Surgical Dental Assistant was of a different race and national origin than Plaintiff and spoke English without an accent.

39. Later that day, Defendant Ivker learned that the other Surgical Dental Assistant was only scheduled until 1:00 p.m. At this point, Defendant Ivker told Mr. Shumaker that, out of necessity, Plaintiff could continue assisting her once the other assistant leaves.

40. Before continuing to work with Defendant Ivker, Plaintiff had a conversation with Defendant Ivker and Mr. Shumaker in an effort to resolve their issues. Plaintiff was confused as to why Defendant Ivker did not want to work with her earlier in the day, but now did. Plaintiff directly asked Defendant Ivker what the issue is, to which Defendant Ivker responded: "You already spoke to Alyssa [Glackin] about it."

41. Again, Plaintiff asked Defendant Ivker why she changed her mind about working together when earlier she had her removed from the surgery room. Without responding, Defendant Ivker left the room visibly angry.

42. Immediately, Defendant Ivker called Defendant O'Donnell on the telephone and falsely claimed that Plaintiff was refusing to assist her. Shortly thereafter, Defendant O'Donnell called Mr. Shumaker and told him to send Plaintiff home, which Mr. Shumaker promptly did.

43. Immediately upon leaving, Plaintiff sent a text message to Ms. Glackin complaining that she had just been sent home "because all the racist Drs that are in today." A true and correct copy of this text message it attached hereto as **EXHIBIT B**.

44. Shortly after her text message to Ms. Glackin, Plaintiff sent an email to Mr. Price with the subject line: "A total discrimination." In this email, Plaintiff complained to Mr. Price about what happened to her earlier that day during her shift, describing Defendant Ivker and Dr. Monteiro as "very racist and unprofessional." Plaintiff further recounted the conversation she had with Defendant Ivker and Mr. Shumaker and lamented that "if they don't like my accent, that's they (sic) way it is and is (sic) not going to change." A true and correct copy of this email is attached hereto as **EXHIBIT C**.

45. Plaintiff received no substantive response from either Ms. Glackin or Mr. Price.

46. On October 20, 2020, Defendant CDHA and/or Defendant CSC, by and through Ms. Glackin and Ms. Jackson, discharged Plaintiff from her employment, effective immediately. According to Ms. Glackin and Ms. Jackson, the reason for Plaintiff's discharge was that she "was not a good fit for the company."

47. Defendant O'Donnell, with the support and encouragement of Defendant Ivker, made the decision to discharge Plaintiff.

48. After discharging Plaintiff, Defendant CDHA and/or Defendant CSC promptly replaced her with a white person of American national origin who speaks fluent English without an accent.

## COUNT I
## DISCRIMINATORY DISCHARGE IN VIOLATION OF 42 U.S.C. § 1981
### Plaintiff v. All Defendants

49. Plaintiff incorporates by reference all preceding allegations as if same were set forth more fully at length herein.

50. At all times relevant and material hereto, Plaintiff and Defendants CDHA and/or CSC were parties to an employment contract.

51. Plaintiff is of Cuban national origin and a member of Hispanic race.

52. At the time of her discharge, Plaintiff was qualified for the position of Surgical Dental Assistant and was performing her job duties satisfactorily.

53. On October 20, 2020, Defendants CDHA and/or CSC, by and through Ms. Glackin and Ms. Jackson, discharged Plaintiff from her employment.

54. Defendant O'Donnell made the decision to discharge Plaintiff and directed Ms. Glackin and Jackson to communicate that decision to Plaintiff.

55. Defendant O'Donnell made the decision to discharge Plaintiff at Defendant Ivker's behest and with the aid, support, and encouragement of Defendant Ivker.

56. Defendant Ivker encouraged Defendant O'Donnell to discharge Plaintiff because of her Hispanic race and Cuban national origin.

57. Defendant O'Donnell's decision to discharge Plaintiff was based solely and exclusively on the false information and encouragement he received from Defendant Ivker.

58. Shortly after discharging Plaintiff, Defendants CDHA and/or CSC, by and through Defendants O'Donnell and Ivker, promptly replaced her with a white person of American national origin who speaks fluent English without an accent.

59. As a direct and proximate result of Defendants' conduct, Plaintiff suffered past and future lost wages and loss of earning capacity.

60. As a direct and proximate result of Defendants' conduct, Plaintiff suffered significant emotional distress, mental anguish, embarrassment, humiliation, inconvenience, and financial insecurity.

61. Defendants' conduct as alleged herein was willful and/or with reckless indifference to Plaintiff's rights under federal law.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against all Defendants and award the following relief:

   a. All back pay from October 21, 2020 through the date of judgment, plus pre- and post-judgment interest;

   b. Front pay from the date of judgment through a date deemed equitable and just by the court;

   c. Compensatory damages in an amount to be determined by a jury;

   d. Punitive damages in an amount to be determined by a jury;

   e. All costs and reasonable attorney's fees; and

   f. Any other relief deemed proper and just.

**COUNT II**
**RETALIATORY DISCHARGE IN VIOLATION OF 42 U.S.C. § 1981**
**Plaintiff v. All Defendants**

62. Plaintiff incorporates by reference all preceding allegations as if same were set forth more fully at length herein.

63. On July 31, 2020 (to the Compliance Hotline), August 14, 2020 (to Ms. Jackson), and October 17, 2020 (to Ms. Glackin and Mr. Price), Plaintiff made reasonable, good-faith complaints of race discrimination against Defendant Ivker and Dr. Monteiro. Specifically, Plaintiff complained that these individuals were "racist," had a problem with her accent, and engaged in "total discrimination" on October 17, 2020. *See* **Ex. B & C.**

64. On October 20, 2020, within three (3) months of her first complaint and only three (3) days after her final complaint, Defendants CDHA and/or CSC, by and through Ms. Glackin and Ms. Jackson, discharged Plaintiff from her employment.

65. Defendant O'Donnell made the decision to discharge Plaintiff and directed Ms. Glackin and Jackson to communicate that decision to Plaintiff.

66. Defendant O'Donnell made the decision to discharge Plaintiff at Defendant Ivker's behest and with the aid, support, and encouragement of Defendant Ivker.

67. Defendant Ivker encouraged Defendant O'Donnell to discharge Plaintiff because she complained to Ms. Glackin, Mr. Price, and Ms. Jackson about Defendant Ivker and Dr. Monteiro criticizing and mocking her Cuban accent and embarrassing her in front of her colleagues.

68. Defendant O'Donnell's decision to discharge Plaintiff was based solely and exclusively on the false information and encouragement he received from Defendant Ivker.

69. As a direct and proximate result of Defendants' conduct, Plaintiff suffered past and future lost wages and loss of earning capacity.

70. As a direct and proximate result of Defendants' conduct, Plaintiff suffered significant emotional distress, mental anguish, embarrassment, humiliation, inconvenience, and financial insecurity.

71. Defendants' conduct as alleged herein was willful and/or with reckless indifference to Plaintiff's rights under federal law.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against all Defendants and award the following relief:

a. All back pay from October 21, 2020 through the date of judgment, plus pre- and post-judgment interest;

b. Front pay from the date of judgment through a date deemed equitable and just by the court;

c. Compensatory damages in an amount to be determined by a jury;

d. Punitive damages in an amount to be determined by a jury;

e. All costs and reasonable attorney's fees; and

f. Any other relief deemed proper and just.

### COUNT III
### DISCRIMINATORY DISCHARGE IN VIOLATION OF
### TITLE VII (42 U.S.C. § 2000e-2)
**Plaintiff v. Defendants Children's Surgical Center, LLC and Children's Dental Health Associates, LLC**

72. Plaintiff incorporates by reference paragraphs 1-61 as if same were set forth more fully at length herein.

73. By discharging Plaintiff based on her race and national origin, Defendants CSC and CDHA violated Title VII.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against Defendants Children's Surgical Center, LLC and Children's Dental Health Associates, LLC and award the following relief:

      a.      All back pay from October 21, 2020 through the date of judgment, plus pre- and post-judgment interest;

      b.      Front pay from the date of judgment through a date deemed equitable and just by the court;

      c.      Compensatory damages in an amount to be determined by a jury;

      d.      Punitive damages in an amount to be determined by a jury;

      e.      All costs and reasonable attorney's fees; and

      f.      Any other relief deemed proper and just.

## COUNT IV
## RETALIATORY DISCHARGE IN VIOLATION OF
## TITLE VII (42 U.S.C. § 2000e-3)
**Plaintiff v. Defendants Children's Surgical Center, LLC and Children's Dental Health Associates, LLC**

74.    Plaintiff incorporates by reference paragraphs 1-48 and 62-71 as if same were set forth more fully at length herein.

75.    By discharging Plaintiff for making reasonable, good-faith complaints of race and national origin discrimination against Defendant Ivker and Dr. Monteiro, Defendants CSC and CDHA violated Title VII.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against Defendants Children's Surgical Center, LLC and Children's Dental Health Associates, LLC and award the following relief:

      a.      All back pay from October 21, 2020 through the date of judgment, plus pre- and post-judgment interest;

      b.      Front pay from the date of judgment through a date deemed equitable and just by the court;

      c.      Compensatory damages in an amount to be determined by a jury;

      d.      Punitive damages in an amount to be determined by a jury;

      e.      All costs and reasonable attorney's fees; and

f.  Any other relief deemed proper and just.

## COUNT V
## DISCRIMINATORY DISCHARGE IN VIOLATION OF THE PHRA (43 P.S. § 955(a))
### Plaintiff v. Defendants Children's Surgical Center, LLC and Children's Dental Health Associates, LLC

76. Plaintiff incorporates by reference paragraphs 1-61 as if same were set forth more fully at length herein.

77. By discharging Plaintiff based on her race and national origin, Defendants CSC and CDHA violated the PHRA.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against Defendants Children's Surgical Center, LLC and Children's Dental Health Associates, LLC and award the following relief:

a.  All back pay from October 21, 2020 through the date of judgment, plus pre- and post-judgment interest;

b.  Front pay from the date of judgment through a date deemed equitable and just by the court;

c.  Compensatory damages in an amount to be determined at trial;

d.  All costs and reasonable attorney's fees; and

e.  Any other relief deemed proper and just.

## COUNT VI
## AIDING AND ABETTING DISCRIMINATORY DISCHARGE IN VIOLATION OF THE PHRA (43 P.S. § 955(e))
### Plaintiff v. Defendants Michael O'Donnell and Robyn Ivker

78. Plaintiff incorporates by reference paragraphs 1-61 as if same were set forth more fully at length herein.

79. By prompting and encouraging Defendant O'Donnell to discharge Plaintiff because of her race and national origin, Defendant Ivker aided, abetted, and incited Defendant O'Donnell's, Defendants CSC's, and/or Defendant CDHA's discriminatory conduct under the PHRA.

80. By making the decision to discharge Plaintiff based on Defendant's Ivker's discriminatory motive, Defendant O'Donnell aided, abetted, and incited Defendant CSC's and/or Defendant CDHA's discriminatory conduct under the PHRA.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against Defendants Michael O'Donnell and Robyn Ivker and award the following relief:

    a. All back pay from October 21, 2020 through the date of judgment, plus pre- and post-judgment interest;

    b. Front pay from the date of judgment through a date deemed equitable and just by the court;

    c. Compensatory damages in an amount to be determined at trial;

    d. All costs and reasonable attorney's fees; and

    e. Any other relief deemed proper and just.

**COUNT VII**
**RETALIATORY DISCHARGE IN VIOLATION OF THE PHRA (43 P.S. § 955(d))**
**Plaintiff v. Defendants Children's Surgical Center, LLC and Children's Dental Health Associates, LLC**

81. Plaintiff incorporates by reference paragraphs 1-48 and 62-71 as if same were set forth more fully at length herein.

82. By discharging Plaintiff for making reasonable, good-faith complaints of race and national origin discrimination against Defendant Ivker and Dr. Monteiro, Defendants CSC and CDHA violated the PHRA.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against Defendants Children's Surgical Center, LLC and Children's Dental Health Associates, LLC and award the following relief:

    a. All back pay from October 21, 2020 through the date of judgment, plus pre- and post-judgment interest;

      b.      Front pay from the date of judgment through a date deemed equitable and just by the court;

      c.      Compensatory damages in an amount to be determined at trial;

      d.      All costs and reasonable attorney's fees; and

      e.      Any other relief deemed proper and just.

## COUNT VIII
## AIDING AND ABETTING RETALIATORY DISCHARGE IN VIOLATION OF THE PHRA (43 P.S. § 955(e))
**Plaintiff v. Defendants Michael O'Donnell and Robyn Ivker**

83.    Plaintiff incorporates by reference paragraphs 1-48 and 62-71 as if same were set forth more fully at length herein.

84.    By prompting and encouraging Defendant O'Donnell to discharge Plaintiff because she made complaints of race and national origin discrimination against her, Defendant Ivker aided, abetted, and incited Defendant O'Donnell's, Defendants CSC's, and/or Defendant CDHA's retaliatory conduct under the PHRA.

85.    By making the decision to discharge Plaintiff based on Defendant's Ivker's retaliatory motive, Defendant O'Donnell aided, abetted, and incited Defendant CSC's and/or Defendant CDHA's retaliatory conduct under the PHRA.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against Defendants Michael O'Donnell and Robyn Ivker and award the following relief:

      a.      All back pay from October 21, 2020 through the date of judgment, plus pre- and post-judgment interest;

      b.      Front pay from the date of judgment through a date deemed equitable and just by the court;

      c.      Compensatory damages in an amount to be determined at trial;

      d.      All costs and reasonable attorney's fees; and

e. Any other relief deemed proper and just.

## DEMAND FOR JURY TRIAL

**PLEASE TAKE NOTICE** that Plaintiff IRENIA MACHIN hereby demands a trial by jury for all claims and issues so triable.

*Respectfully Submitted,*

**MANSOUR LAW, LLC**

Dated: October 4, 2022            BY:  *William P. Mansour*
William P. Mansour, Esquire
Pa. Attorney ID No. 318833
1101 W. Hamilton St., Ste. 205
Allentown, PA 18101
Tel: (610) 321-3538
Fax: (610) 798-1345
Email: wpm@themansourfirm.com

Attorney for Plaintiff Irenia Machin